UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEVIN HURSEY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF REDDING, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>　　　　Defendants. | No. 2:24-cv-01758 WBS AC<br><br>MEMORANDUM AND ORDER RE: <u>DEFENDANT'S MOTION TO DISMISS</u> |

----oo0oo----

Plaintiff Kevin Hursey brought this action against defendant City of Redding, pursuant to 42 U.S.C. § 1983, alleging claims of excessive force and deprivation of substantive due process under the United States Constitution, and assault and battery, negligence, and intentional infliction of emotional distress under California law, in connection with an incident on January 23, 2023, in which plaintiff was arrested by Redding police officers. (Compl. (Docket No. 1).)  Defendant now moves to dismiss.  (Docket No. 8.)

1

After the motion was fully briefed, and on the day set for oral argument, plaintiff's counsel informed the court via e-mail that plaintiff no longer opposed the motion on the ground that the action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Shortly thereafter, plaintiff filed a statement of non-opposition to the motion. (See Docket No. 11.) However, the parties now advise they have not really reached agreement because have been unable to agree upon whether dismissal with or without prejudice is appropriate. (See Docket No. 13.) Accordingly, the court addresses the merits of the motion.

I.   Substantive Due Process Claim

The court first disposes of plaintiff's substantive due process claim, which is not cognizable as a federal constitutional violation. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach," as "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct." Graham v. Connor, 490 U.S. 386, 395 (1989). Because the substantive due process claim is premised on a law enforcement seizure (see Compl. ¶¶ 13-15), it necessarily fails and must be dismissed. See Graham, 490 U.S. at 395.

II.  Fourth Amendment Claim

Defendant argues that plaintiff's excessive force claim is barred by plaintiff's criminal conviction stemming from the

2

same events. In Heck, the Supreme Court explained that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. "Under Heck, a section 1983 action is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" Lemos v. County of Sonoma, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (quoting Heck, 512 U.S. at 486).

"Heck thus requires [courts] to 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Id. (quoting Heck, 512 U.S. at 487). "By contrast, if 'the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'" Id. (quoting Heck, 512 U.S. at 487).

In the criminal proceeding at issue, plaintiff pled no contest to and was convicted of three offenses: resisting an officer under California Penal Code § 69; resisting, delaying, or obstructing an officer under California Penal Code § 148(A)(1); and interfering with a police animal under California Penal Code § 600(B). (See Docket No. 8-2 at 48, 81.)[1] The state court

---

[1] Defendant requests that the court take judicial notice of the court documents and hearing transcript associated with plaintiff's state court plea agreement and conviction, and plaintiff does not object. That request is hereby granted. See

1  entered a judgment finding plaintiff guilty following the plea
2  agreement (see id. at 81), which constitutes a conviction for
3  purposes of Heck.  See Duarte v. City of Stockton, 60 F.4th 566,
4  571-72 (9th Cir. 2023).

5       As relevant here, conviction for all three offenses
6  requires a finding that the officers were acting pursuant to
7  their "duties."  See Cal. Penal Code § 69 (resisting an officer
8  "in the performance of his or her duty"); id. § 148 (resisting,
9  delaying, or obstructing an officer "engaged in the performance
10 of his or her lawful duties"); id. § 600(b) (interfering with or
11 obstructing a dog "being used by a peace officer in the discharge
12 . . . of his or her duties").

13      Under California law, "'a defendant cannot be convicted
14 of an offense against a peace officer engaged in the performance
15 of his or her duties unless the officer was acting lawfully at
16 the time the offense against the officer was committed.'"  See
17 People v. Smith, 57 Cal. 4th 232, 241 (2013) (quoting In re
18 Manuel G., 16 Cal. 4th 805, 815 (1997)) (cleaned up).  See also
19 id. ("lawful duty" requirement applies to § 69); Sanders v. City
20 of Pittsburg, 14 F.4th 968, 971 (9th Cir. 2021) ("lawful duty"
21 requirement applies to § 148(a)(1)); Cobarrubia v. Edwards, No.
22 4:19-cv-07899 KAW, 2021 WL 735470, at *6 (N.D. Cal. Feb. 25,
23 2021) ("lawful duty" requirement applies to § 600(b)) (citing
24 People v. Adams, 124 Cal. App. 4th 1486, 1492 n.4 (5th Dist.
25 2004)).

---

27 Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641 (9th Cir. 2018)
28 (taking judicial notice of documents from plaintiff's state court criminal case in order to perform Heck analysis).

4

1      "The use of excessive force by an officer is not within
2 the performance of the officer's duty.  Thus, the 'lawfulness of
3 the officer's conduct' is necessarily established as a result of
4 a conviction" for resisting an officer.  See Sanders, 14 F.4th at
5 971 (quoting Hooper v. County of San Diego, 629 F.3d 1127, 1130
6 (9th Cir. 2011)).  "In other words, a defendant can't be
7 convicted" for resisting or obstructing an officer "if an officer
8 used excessive force at the time of the acts resulting in the
9 conviction."  See id.

10      "It follows that Heck would bar [plaintiff] from
11 bringing an excessive-force claim under section 1983 if that
12 claim were based on force used during the conduct that was the
13 basis for" his conviction.  See Lemos, 40 F.4th at 1007. "In that
14 circumstance, to prevail in the section 1983 action, [plaintiff]
15 would have to prove that [the officers] used excessive force,
16 thus 'negat[ing] an element of the offense' of which [he] was
17 convicted."  See id. (quoting Heck, 512 U.S. at 486 n.6).

18      "To decide whether success on a section 1983 claim
19 would necessarily imply the invalidity of a conviction" -- i.e.,
20 whether plaintiff's claims are based on force used during the
21 conduct that was the basis for his conviction -- the court "must
22 determine which acts formed the basis for the conviction."  See
23 Lemos, 40 F.4th at 1005 (citing Smith v. City of Hemet, 394 F.3d
24 689, 696-97 (9th Cir. 2005) (en banc); Sanford v. Motts, 258 F.3d
25 1117, 1119-20 (9th Cir. 2001)).

26      "When the conviction is based on a guilty plea, we look
27 at the record to see which acts formed the basis for the plea."
28 Lemos, 40 F.4th at 1005.  No contest pleas are analyzed in the

same way.  See Sanders, 14 F.4th at 970 (applying this Heck analysis to conviction following no contest plea); Hooper, 629 F.3d 1127, 1131 (9th Cir. 2011) (same); Kyles v. Baker, 72 F. Supp. 3d 1021, 1034 (N.D. Cal. 2014) (a "plea of no contest . . . qualifies as a conviction under Heck") (collecting cases).

Where the plaintiff has stipulated to certain facts as part of the plea agreement, those stipulated facts "form[] the basis of [the plaintiff's] conviction."  See Sanders, 14 F.4th at 970.  Here, plaintiff stipulated that the police reports concerning the incident formed the factual basis for his plea.  (See Docket No. 8-2 at 69.)  The police reports describe a course of events in which plaintiff refused to follow police commands, acted "aggressively" and engaged in "pre assaultive" behavior, and used physical force as the officers arrested him by, inter alia, kicking an officer and attacking a police dog.  (See id. at 23-24, 33.)  At the plea hearing, plaintiff also "agree[d] to stipulate that all of the officers that were involved . . . and that were listed in any of the police reports" were "acting within their course and scope of their duties."  (Id. at 66-67.)

In contradiction to the stipulated factual basis for the plea, the complaint states that plaintiff "did not interfere with officers," "posed no threat to the officers," and "made no attempt to harm, aggravate, or endanger the officers."  (Compl. ¶¶ 11, 15.)  The complaint alleges that officers used force that was "excessive," "unreasonable," and "without legal justification" or "provocation."  (Id. ¶¶ 11, 17, 21, 24, 26.)

Plaintiff's civil complaint is entirely inconsistent with the stipulated basis for his conviction.  And plaintiff

6

"cannot stipulate to the lawfulness of" the officers' conduct throughout the incident and "then use the very same act[s] to allege an excessive force claim," as "[s]uccess on such a claim would necessarily imply that his conviction was invalid." See Sanders, 14 F.4th at 972-73 (internal quotation marks omitted).

Accordingly, the court concludes that plaintiff's excessive force claim is Heck-barred. See Yount v. City of Sacramento, 43 Cal. 4th 885, 898 (2008) ("[T]o the extent that [plaintiff's] section 1983 claim alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him at the time [force was used], the claim is inconsistent with his conviction for resisting the officers and is barred under Heck."); Rodriguez v. City of Modesto, 535 F. App'x 643, 644-45 (9th Cir. 2013) ("[T]o the extent Plaintiffs maintain they did nothing wrong and were arrested without reason, the district court correctly dismissed their § 1983 and state law claims in light of Heck . . . because success on such claims would necessarily imply Plaintiffs did not violate § 148(a)(1).").

While it is possible for a conviction for resisting officers and a civil excessive force claim to coexist, this is not such a case. There is no indication that plaintiff's stipulations attempted "to identify the particular acts of unlawfulness to which he is willing to plead, and to deny that he engaged in other specific acts," which could have limited the application of Heck. See Smith v. City of Hemet, 394 F.3d at 699 n.5; see also Sanders, 14 F.4th at 972 ("the factual basis of a §

7

1  148(a)(1) conviction encompassing multiple acts is indivisible
2  for purposes of avoiding a Heck bar").  Nor is there any
3  indication in the complaint that plaintiff seeks to hold the
4  officers liable for conduct occurring either "before or after
5  [plaintiff] committed the acts to which he pled."  See Smith v.
6  City of Hemet, 394 F.3d at 699; see also Martell v. Cole, ---
7  F.4th ----, 2024 WL 4259864, at *4 (9th Cir. Sept. 23, 2024) ("If
8  the alleged excessive force occurred before or after the acts
9  that form the basis of the § 148(a) violation, even if part of
10 one continuous transaction, the § 1983 claim doesn't necessarily
11 imply the invalidity of [the] criminal conviction under §
12 148(a)(1).") (cleaned up).
13       Accordingly, pursuant to Heck, the court must dismiss
14 the excessive force claim.
15 III. State Law Claims
16       Under California law, the Heck doctrine "applies
17 equally" to state law claims.  Yount, 43 Cal. 4th at 902.  In his
18 communications with the court, plaintiff's counsel conceded that
19 Heck bars the entire action, including both the federal and state
20 claims.  (See Docket No. 13 at 2 (memorializing plaintiff's
21 counsel's concession).)  Pursuant to Local Rule 230, plaintiff's
22 counsel also consents to the dismissal of the entire action.
23 (See Docket No. 11.)  These concessions align with the California
24 Supreme Court's holding that where a federal excessive force
25 claim is Heck-barred because it would imply the invalidity of a
26 conviction for resisting an officer, so too are "state tort
27 claim[s] arising from the same alleged misconduct."  See Yount,
28 43 Cal. 4th at 902.

IV. Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed in its entirety, with prejudice and without leave to amend.  Because the action is Heck-barred, plaintiff does not have a viable claim for relief and amendment would be futile.  See Beets v. County of Los Angeles, 669 F.3d 1038, 1041-42 (9th Cir. 2012) ("If [plaintiff's] claims are barred by Heck, filing an amended complaint would be a futile act."); Okwu v. McKim, 682 F.3d 841, 846 (9th Cir. 2012) (where plaintiff has not "identified any amendment consistent with the facts she has already alleged that would give her a viable claim," dismissal with prejudice and without opportunity to amend is appropriate).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 8) be, and the same hereby is, GRANTED.  The action is hereby DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to close the case.

Dated:  September 23, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9